**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| VESSEL LEASING, LLC | § | |
| | § | PLAINTIFF |
| | § | |
| v. | § | Civil Action No. 1:05cv440HSO-RHW |
| | § | |
| | § | |
| BARGE ACL-01537 *IN REM*, | § | |
| RON BARNARD AND GIANT, LLC | § | DEFENDANTS |
| *IN PERSONAM* | § | |

<u>**ORDER AND REASONS DENYING DEFENDANT GIANT, L.L.C.'s
MOTION TO DISMISS**</u>

BEFORE THE COURT is the Motion of Defendant Giant, L.L.C., to Dismiss [12], pursuant to FED. R. CIV. P. 4(m), filed in the above captioned cause on or about April 11, 2007.  Plaintiff filed an Opposition [14] on or about April 20, 2007.  After consideration of the submissions and the relevant legal authorities, and for the reasons discussed below, the Court finds that the Motion to Dismiss should be denied.  However, the Court nevertheless directs Plaintiff to effect proper service of process upon Giant within thirty (30) days from the date of this Order.

I. <u>FACTUAL AND PROCEDURAL HISTORY</u>

Plaintiff, Vessel Leasing, L.L.C. ("VL"), filed its Verified Complaint against Barge ACL-01537 *in rem*, Ron Barnard ("Barnard") and Giant, L.L.C. ("Giant"), *in personam*, in this Court on or about September 22, 2005.  In its Verified Complaint, Plaintiff alleges that Defendants Giant and/or Barnard improperly asserted a right of possession to its barge, which had allegedly washed ashore on Defendants' property in Gulfport, Mississippi, following Hurricane Katrina.  Defendant Barnard filed an

Answer on or about February 13, 2007. To date, Giant has not filed an Answer to the Complaint.

On or about June 7, 2006, Giant and Barnard also filed suit in this Court, in Civil Action No. 1:06cv570, against VL and American Commercial Lines, L.L.C. ("ACL"), asserting a claim for damages resulting from Barge ACL-01537's allision with their property. The Court, in a Minute Entry dated December 15, 2006, identified the case filed as Civil Action No. 1:06cv570 to be "essentially a counterclaim" of this case, Civil Action No. 1:05cv440. On or about January 9, 2007, both cases, Civil Action Nos. 1:05cv440 and 1:06cv570, were consolidated.

In its Motion to Dismiss presently before the Court, Giant specially appears "without submitting to the jurisdiction of the Court" and asserts that VL's claims against it must be dismissed for failure to timely effect service of process. See Def.'s Mot. to Dismiss at p. 1.

## II. DISCUSSION

The Verified Complaint filed in this particular case seeks relief pursuant to the admiralty and maritime jurisdiction of this Court, more particularly Supplemental Rule D of the Supplemental Rules for Maritime Claims. Supplemental Rule D instructs that service of process upon adverse parties shall be made in the manner authorized by Supplemental Rule B(2). Supplemental Rule B(2), in turn, states that service shall be made pursuant to Rule 4 of the Federal Rules of Civil Procedure.

Rule 4(m) provides that,

> [i]f service of the summons and complaint is not made upon a defendant within
> 120 days after the filing of the complaint, the court, upon motion or on its own

> initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

"It is axiomatic that in order for there to be *in personam* jurisdiction, there must be valid service of process." *Atwell v. LaSalle Nat. Bank*, 607 F.2d 1157, 1159 (5th Cir. 1979)(italics added). Under Rule 12 of the Federal Rules of Civil Procedure, a defendant can waive an objection to *in personam* jurisdiction if omitted from a motion under Rule 12 or a responsive pleading. *See Cactus Pipe & Supply Co., Inc. v. M/V Montmartre*, 756 F.2d 1103, 1107-08 (5th Cir. 1985); *see also* FED. R. CIV. P. 12(h)(1).

> The message conveyed by the present version of Rule 12(h)(1) seems quite clear. It advises a litigant to exercise great diligence in challenging personal jurisdiction, venue, or service of process. If he wishes to raise any of these defenses he must do so *at the time he makes his first defensive move*–whether it be a Rule 12 motion or a responsive pleading.

*Golden v. Cox Furniture Mfg. Co., Inc.*, 683 F.2d 115, 118 (5th Cir. 1982)(emphasis added)(*quoting* 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1391 (1969)).

Generally, an appearance constituting a waiver of jurisdiction involves some presentation or submission to the court. *See Cactus*, 756 F.2d at 1108.

> An appearance may result from the filing of an answer without raising jurisdictional defects. An appearance may also arise by implication 'from a defendant's seeking, taking, or agreeing to some step or proceeding in the cause beneficial to himself or detrimental to plaintiff other than one contesting only the jurisdiction or by reason of some act or proceedings recognizing the case as in the court.'

*Id.* (*quoting* 6 JOHN J. DVORSKE, C.J.S. APPEARANCES §18 (1975)).

There is no serious dispute that Defendant Giant has never been served with process. *See* Pl.'s Resp. to Def.'s Mot. to Dismiss; *see also* Ct. Rec. However, based upon the law and the record as it presently stands, it is the Court's opinion that Giant has waived any right to object to *in personam* jurisdiction.

Giant first appeared before the Court on or about October 11, 2005, when it filed an agreed pleading entitled "Joint Stipulation to Preserve Evidence and to Prevent Spoliation of Evidence." *See* Joint Stipulation, attached as Ex. "7" to Pl.'s Opp'n to Def.'s Mot. to Dismiss. Through this pleading, Giant explicitly sought the Court's approval and enforcement of the parties' agreement to preserve evidence, and expressly noted that such preservation was a key element to its defense against Plaintiff's claims. *See id*. at p. 1 ("Giant asserts that one of the primary liability issues in the case will be whether or not the Barge ACL 01537 (the "Vessel") was properly moored and/or secured prior to Hurricane Katrina...Giant desires to preserve certain evidence and prevent spoliation of any other evidence with respect to the liability issues."). Giant did not preserve its right to a jurisdictional challenge within the Stipulation.[1] *See id.*

"In determining whether conduct is sufficient to be considered a general appearance, the focus is on affirmative action that impliedly recognizes the court's jurisdiction over the parties." *Maiz v. Virani*, 311 F.3d 334, 340 (5th Cir. 2002)(*quoting*

---

[1] Giant first set forth its jurisdictional challenge in its December 21, 2006, Opposition to VL and ACL's Motion to Consolidate, filed in Civil Action No. 1:06cv570, after its Joint Stipulation of October 11, 2005, had been filed in Civil Action No. 1:05cv440. *See* Giant's Resp. to Defs.' Mot. to Consolidate, attached as Ex. "10" to Pl.'s Opp'n to Def.'s Mot. to Dismiss.

*Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1340-41 (5th Cir. 1996)).  Because a district court is empowered to enforce stipulations, Giant–by filing the Stipulation–implicitly consented to the Court's exercise of its enforcement powers if and when evidence was not preserved as required.  *See Jones v. Wal-Mart Stores, Inc.*, 870 F.2d 982, 986 (5th Cir. 1989)(holding that it is within the district court's power to enforce stipulations); *see also Meetings & Expositions, Inc. v. Tandy Corp.*, 490 F.2d 714, 717 (2d Cir. 1974)(holding that a settlement stipulation constituted a consent to the court's power to compel compliance); *Union Camp Corp. v. Dyal*, 460 F.2d 678, 684 (5th Cir. 1972)(holding that a settlement stipulation constituted a waiver of the right to object to *in personam* jurisdiction); *Easterling v. Volkswagen of America, Inc.*, 308 F.Supp. 966, 971 (S.D. Miss. 1969)(finding that a stipulation extending time to plead constituted a general appearance unless made by special appearance and for the purpose of enabling the defendant to decide whether to plead or file a Motion to Quash Service of Process).

It is also significant that Giant initiated and actually prepared the Stipulation, and that, through the Stipulation, Giant "sought" and "agreed" to "some step" beneficial to its defense.  *See Maiz*, 311 F.3d at 341(finding factors to consider when discerning whether jurisdiction has been waived to include whether the party prepared the documents and whether they requested relief from the Court); *see also Cactus*, 756 F.2d at 1108; emails from Stephen M. Wiles dated October 3, 2005 & October 4, 2005, attached as Exs. "5 & 6" of Pl.'s Opp'n to Def.'s Mot. to Dismiss (demonstrating that Giant initiated the filing of the Stipulation and that it was in its interest to do so).

Based upon the record and submissions of the parties and the relevant law, the Court finds that Giant first submitted to the jurisdiction of the Court on or about October 11, 2005, through the filing of the Joint Stipulation.

Though the Court is of the opinion that Giant's jurisdictional challenges have been waived, the Court nevertheless exercises its discretion under FED. R. CIV. P. 4(m) and directs Plaintiff to effect proper service of process upon Giant within thirty (30) days from the date of this Order. *See Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996)(*stating* "we agree with the majority of circuits that have found that the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when plaintiff fails to show good cause.").

Under Rule 4(m), when a plaintiff fails to serve process without showing "good cause" for such failure, the court may, in its discretion, "dismiss the action without prejudice...*or* direct that service be effected within a specified time." *See id.(*emphasis in original*)(quoting* FED. R. CIV. P. 4(m)).  Here, the parties present no serious dispute that good cause for Plaintiff's failure to serve Giant has not been shown.  Therefore, it is within this Court's discretion to direct that service be effected within a specified time.

The 1993 Advisory Committee Note to Rule 4(m) provides some guidance as to what factors a district court may consider when deciding whether to exercise its discretion to extend time for service of process in the absence of a finding of good cause. *See Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3rd Cir. 1995); *see also Thompson*, 91 F.3d at 21 (referencing *Petrucelli* as setting forth the procedure a district

court must adopt in a Rule 4(m) analysis).  These factors include, *but are not limited to*, whether the "applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service."  FED. R. CIV. P. 4(m) advisory committee's note.  In exercising Rule 4(m) discretion, courts within the Fifth Circuit have ventured outside those suggestions found in the Advisory Committee Note and extended time for service of process where it is judicially efficient to do so, and/or where the defendant is not prejudiced as a result of a plaintiff's failure to effect service.  *See Scott v. Cypress Creek Emergency Medical Services*, No. H-06-1436, 2007 WL 2209268 (S.D. Tex. July 27, 2007); *Bayco Products, Ltd. v. Tap Enterprises*, No. 3:04cv789-L, 2005 WL 1489933 (N.D. Tex. June 22, 2005); *Alden v. Allied Adult & Child Clinic, L.L.C.,* No. 01-371, 2002 WL 1684553 (E.D. La. July 22, 2002).

Based on the record and relevant law, the Court finds dismissal of the action at this time to be an "injudicious use of the parties' and the [C]ourt's time and resources, since [VL] could simply refile and timely serve [Giant]."  *Bayco*, 2005 WL 1489933, at *4.  This action has been pending in this Court for over two years, the efforts expended by the Court and the parties would be in vain if dismissal were granted, and the progression of the consolidated case, Civil Action No. 1:06cv570, would be considerably delayed.

That Giant has had notice of the suit and that it has not been prejudiced in its ability to defend also weighs on the Court's decision not to dismiss the case.  *See Scott*, 2007 WL 2209268, at *3(refusing to dismiss a case under Rule 4(m), in part, because defendant did not argue that late service imposed upon him any prejudice or undue

hardship); *Alden,* 2002 WL 1684553, at *1(finding "[i]n considering whether to dismiss a defendant who was untimely served but where it is not obvious there is good cause for the delay, courts consider the reasons for delay and whether the tardy service has prejudiced the defendant."). Considering the submissions of the parties and the record of this case, as well as the record of the consolidated case, Civil Action No. 1:06cv570, it is evident that Giant has been fully aware of the allegations against it. The Court is of the opinion that Giant has not been prejudiced in defending the suit.

### III.  CONCLUSION

For the above reasons, Defendant Giant's Motion to Dismiss must be denied. However, Plaintiff VL is nevertheless directed to effect proper service of process upon Giant within thirty (30) days from the date of this Order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons cited more fully herein, the Motion of Defendant Giant, L.L.C., to Dismiss [12], pursuant to FED. R. CIV. P. 4(m), filed in the above captioned cause on or about April 11, 2007, should be and is hereby **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Vessel Leasing, L.L.C., effect proper service of process upon Defendant Giant, L.L.C., within thirty (30) days from the date of this Order.

**SO ORDERED AND ADJUDGED**, this the 7th day of November, 2007.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE