IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| VESSEL LEASING, LLC | § | PLAINTIFF |
| | § | |
| | § | |
| v. | § | Civil Action No. 1:05cv440HSO-RHW |
| | § | |
| | § | |
| BARGE ACL-01537 *IN REM*, | § | |
| RON BARNARD AND GIANT, LLC | § | DEFENDANTS |
| *IN PERSONAM* | § | |

**ORDER AND REASONS DENYING DEFENDANT GIANT, L.L.C.'s
MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS OR SERVICE
PURSUANT TO RULES 12(b)(4) AND 12(b)(5) OF FEDERAL RULES OF CIVIL
PROCEDURE**

BEFORE THE COURT is the Motion of Defendant Giant, L.L.C., to Dismiss [23], pursuant to FED. R. CIV. P. 12(b)(4) and 12(b)(5), filed in the above captioned cause on or about December 19, 2007.  Plaintiff filed an Opposition [26] on or about December 30, 2007.  After consideration of the submissions, the record in this case, and the relevant legal authorities, and for the reasons discussed below, the Court finds that the Motion to Dismiss should be denied.

I.  FACTUAL AND PROCEDURAL HISTORY

Plaintiff, Vessel Leasing, L.L.C. ("VL"), filed its Verified Complaint against Barge ACL-01537 *in rem*, Ron Barnard ("Barnard") and Giant, L.L.C. ("Giant"), *in personam*, in this Court on or about September 22, 2005.  In its Verified Complaint, Plaintiff alleges that Defendants Giant and/or Barnard improperly asserted a right of possession to its barge, which had allegedly washed ashore on Defendants'

property in Gulfport, Mississippi, following Hurricane Katrina.  Defendant Barnard filed an Answer on or about February 13, 2007.  To date, Giant has not filed an Answer to the Complaint.

On or about June 7, 2006, Giant and Barnard also filed suit in this Court, in Civil Action No. 1:06cv570, against VL and American Commercial Lines, L.L.C. ("ACL"), asserting a claim for damages resulting from Barge ACL-01537's allision with their property.  The Court, in a Minute Entry dated December 15, 2006, identified the case filed as Civil Action No. 1:06cv570 to be "essentially a counterclaim" of this case, Civil Action No. 1:05cv440.  On or about January 9, 2007, both cases, Civil Action Nos. 1:05cv440 and 1:06cv570, were consolidated.

In its second Motion to Dismiss presently before the Court, Giant specially appears "without submitting to the jurisdiction of the Court" and asserts that VL's claims against it must be dismissed for failure to properly effect service of process.

## II.  DISCUSSION

On or about April 20, 2007, Giant filed its first Motion to Dismiss, asserting that VL's claims against it should be dismissed for failure to timely effect service of process.  There was no serious dispute at that time that Giant had not been served with process.  However, based upon the actions of Giant, the Court was of the opinion that Giant had waived any right to object to *in personam* jurisdiction, and it denied Giant's Motion.  *See* Ct. Order 16 at p. 4-6.  Nevertheless, the Court exercised its discretion under FED. R. CIV. P. 4(m) and directed Plaintiff to effect proper service of process upon Giant within thirty days from the date of its

November 7, 2007, Order.

Based upon the submissions of the parties, it is clear to the Court that VL has made reasonable efforts to effect service of process upon Giant pursuant to the Court's November 7, 2007, Order and the Federal Rules of Civil Procedure. However, because Giant has not provided the Mississippi Secretary of State with updated information regarding its registered agent, its officers, or their respective addresses, VL was unable to effect service pursuant to FED. R. CIV. P. 4(h).[1]

VL has made a good faith effort to serve Giant pursuant to the Court's earlier Order. Because this Court has previously determined, for the reasons stated more fully within its November 7, 2007, Order, that Giant has waived its right to object to *in personam* jurisdiction, and because the Court finds that Giant has had notice

---

[1] The Mississippi Secretary of State website identified Anthony Lee as Giant's registered agent, with a registered address of 5006 W. Beach Blvd., Gulfport, MS 39501. It also identified five officers, only two of whom listed an address other than the registered address. Due to the devastation of Hurricane Katrina, the structure that once stood at the situs of the registered address is no longer in existence. The remaining two officers listed an address in Minnesota, however, the building located at the Minnesota address has no record of Giant or the two individuals having occupied that location.

VL eventually located Thomas Gorman ("Gorman"), an alleged officer of Giant, and delivered a copy of the Summons and Complaint to Gorman's wife at his domicile in Maryland. Though Defendant contends that Gorman is not an officer of Giant, the docket in this case reflects that Gorman participated on behalf of Giant in the March 30, 2007, Status Conference. Technically speaking, the Court agrees that service upon Gorman's wife did not comport with Rule 4(h). *See* 4 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1101(3d ed. 2008)(stating that service under Rule 4(h) "cannot be made, as it may be made on individuals pursuant to Rule 4(e)(2), by leaving a copy of the summons and complaint at the officer's or agent's dwelling house or usual place of abode with a person residing therein.").

of the suit and is not prejudiced in its ability to defend it, the Court is of the opinion that Defendant's Motion should be denied.  Pursuant to Rule 12(a)(4)(A), the Court directs Defendant to file its Answer in this case within ten (10) business days from the date of this Order.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons cited more fully herein, the Motion of Defendant Giant, L.L.C., to Dismiss [26], pursuant to FED. R. CIV. P. 12(b)(4) and 12(b)(5), filed in the above captioned cause on or about December 19, 2007, should be and is hereby **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendant Giant, L.L.C., file its Answer in this case within ten (10) business days from the date of this Order pursuant to FED. R. CIV. P. 12(a)(4)(A).

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the parties contact United States Magistrate Judge Robert H. Walker to schedule a Telephonic Case Management Conference within five days from the filing of Defendant Giant, L.L.C.'s Answer.

**SO ORDERED AND ADJUDGED**, this the 1st day of February, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE